IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01811-PAB-CBS

TANYA L. PAIGE,
    Plaintiff,
v.

SHAUN DONAVAN, Secretary of Dept. of HUD,
KAY BAKER, Director Denver QAD, and
CYNTHIA LOFTUS, Supervisor Denver,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Plaintiff Ms. Paige's letter requesting "the courts appoint the U.S. Marshal's Office to act as process server . . ." (filed August 4, 2009) (doc. # 5) (docketed by the Clerk of the Court as "Motion and Affidavitt [sic] for U.S. Marshall [sic] Processing Services"); and Ms. Paige's letter requesting ". . . appointment of an attorney to represent me in my pursuit of civil action . . ." (filed July 31, 2009) (doc. # 3) (docketed by the Clerk of the Court as "Motion to Appoint Counsel").  Pursuant to the Order of Reference dated August 5, 2009 (doc. # 4) and the memorandum dated August 5, 2009 (doc. # 6), these matters were referred to the Magistrate Judge.  The court has reviewed the matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

1.    Ms. Paige is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 (*see*

doc. # 1-3 (receipt for $350.00 filing fee paid)), nor is she incarcerated.  Ms. Paige resides in Littleton, Colorado.  (*See* Title VII Complaint (doc. # 1) at p. 6).  Other than mentioning that she has been "unable to secure a process server who can serve in both Denver Colorado and Washington D.C.," Ms. Paige has not demonstrated that she is subject to any limitations in her ability to effect service on the Defendant.  There is no apparent reason that Ms. Paige could not hire an additional process server in Washington, D.C.  For these reasons, the court declines to request the U.S. Marshal to effect service.

2.	Ms. Paige is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, and even indigent civil litigants have no constitutional or statutory right to be represented by a lawyer.  *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).  *See also Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights.") (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted); *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989) (§ 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel.").

As a *pro se* litigant, Ms. Paige is afforded a liberal construction of her papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Ms. Paige has thus far adequately presented her claims unaided by counsel and the issues in the case are not particularly

complex.  Upon review of the Title VII Complaint (doc. # 1; *see also* doc. # 2), the court determines that is within its discretion in declining to request counsel to represent Ms. Paige.  *See Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) ("The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (citation omitted).

Accordingly, IT IS ORDERED that:

1. Plaintiff Ms. Paige's letter requesting "the courts appoint the U.S. Marshal's Office to act as process server . . ." (filed August 4, 2009) (doc. # 5) (docketed by the Clerk of the Court as "Motion and Affidavitt [sic] for U.S. Marshall [sic] Processing Services") is DENIED.

2. Ms. Paige's letter requesting ". . . appointment of an attorney to represent me in my pursuit of civil action . . ." (filed July 31, 2009) (doc. # 3) (docketed by the Clerk of the Court as "Motion to Appoint Counsel") is DENIED.

DATED at Denver, Colorado, this 6th day of August, 2009.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge